UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN I. KOCAK,<br>　　　　　Plaintiff,<br>　　v.<br>SCOTT KERNAN, et al.,<br>　　　　　Defendants. | Case No. 17-cv-01203-JST (PR)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

This pro se prisoner's civil action was originally filed in Monterey County Superior Court. Plaintiff complains of a potential breach regarding his personal health information. The action concerns a February 25, 2016 theft of a California Correctional Health Care Services ("CCHCS") laptop in the possession of a CCHCS employee and a notification to California Department of Corrections and Rehabilitation ("CDCR") inmates of the theft in May, 2016 (collectively, the "Laptop Theft"). Plaintiff appears to allege that CCHCS and its agents, officials, and employees violated California's Confidentiality of Medical Information Act, Cal. Civ. Code § 56 et. seq. in conjunction with the Laptop Theft. Plaintiff believes the stolen laptop may have contained his confidential medical, mental health, and custodial information. Plaintiff named as defendants J. Clark Kelso, Receiver for the California prison medical healthcare system, and Deputy Receiver Richard Kirkland, along with various CDCR officials and staff.

On March 8, 2017, defendant J. Clark Kelso removed the complaint from the Monterey County Superior Court to this court. ECF No. 1. Defendant Kelso, who was appointed by the United States District Court for the Northern District of California as the Receiver for the California prison medical healthcare system, removed the case pursuant to 28 U.S.C. § 1442(a)(1) and (3). Id.; Plata v. Schwarzenegger (Plata), 3:01-cv-01351 TEH, ECF No. 1063 (N.D. Cal. Jan.

23, 2008). As Receiver, Kelso is an officer and agent of the Plata court, giving this court original jurisdiction over claims against him in his capacity as Receiver. Med. Dev. Intern. v. California Dept. of Corrections and Rehab., 585 F.3d 1211, 1216 (9th Cir. 2009).

Plaintiff has filed a first amended complaint ("FAC"), ECF No. 18 at 25-44, which is now before the Court for initial review of the pleadings pursuant to 28 U.S.C. § 1915A. Defendants Kelso and Kirkland have filed a statement of non-opposition to the FAC, and the remaining defendants have filed a motion for screening of the FAC, in which they assert that the FAC states no federal cause of action.

The FAC no longer names defendant Kelso, the party who initially removed the action to this court.[1] The basis for removal was Kelso's role as Receiver in the Plata action. Now that Kelso is no longer a party to the action, there appears to be no federal jurisdiction. Plaintiff appears to only claim violation of California statues, and plaintiff makes clear that he filed his FAC in Monterey County Superior Court. See ECF No. 18 at 2. To the extent plaintiff is asserting a violation of his health privacy; he is not entitled to federal relief. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.) "provides for no private right of action." Webb v. Smart Document Solutions, 499 F.3d 1078, 1080 (9th Cir. 2007); see, e.g., Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010) (citing Webb and dismissing prisoner's claim under HIPAA for disclosure of his medical records).

The case therefore will be remanded to state court so that plaintiff may litigate in his chosen forum. See Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed"); Plute v. Roadway Package System, Inc., 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand sua sponte or on motion of a party). The action is REMANDED to the Monterey County Superior Court for such other and further proceedings as that court deems proper. The Clerk shall close the file and send

---

[1] Richard Kirkland, Chief Deputy Receiver, has also been removed as a defendant from the FAC.

the necessary materials to the Monterey County Superior Court for the remand.

In light of the remand to state court, all pending motions are dismissed as moot. All further motions must be filed in state court.

**IT IS SO ORDERED.**

Dated: May 18, 2017

JON S. TIGAR
United States District Judge